# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JEROME FISHER, | CASE NO. 1:08-CV-00326-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| UNITED STATES OF AMERICA, | (DOC. 29) |
| Defendant. / | OPPOSITION DUE WITHIN TWENTY-ONE (21) DAYS |

**Findings And Recommendation**

**I.     Procedural History**

Plaintiff Ronald Jerome Fisher ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to the Federal Tort Claims Act. This action is proceeding against the United States of America ("Defendant"). On May 3, 2010, Defendant filed a motion for summary judgment. Def.'s Mot. Summ. J., Doc. 29. The Court ordered Plaintiff to file an opposition to Defendant's motion on December 8, 2010. Doc. 31. On January 3, 2011, Plaintiff filed his opposition.[1]  Pl.'s Opp'n, Doc. 32. On January 10, 2011, Defendant filed a reply. Def.'s Reply, Doc. 33. The matter is submitted pursuant to Local Rule 230(l).

**II.    Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on November 14, 2008. Doc. 12, Second Informational Order; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).

1

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2]  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec.*

---

[2]  The Federal Rules of Civil Procedure were updated effective December 1, 2010.

1  *Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the
2  dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the
3  nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v.*
4  *Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

5        In the endeavor to establish the existence of a factual dispute, the opposing party need not
6  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
7  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
8  trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce
9  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
10 *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963
11 amendments).

12       In resolving a motion for summary judgment, the court examines the pleadings,
13 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
14 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477
15 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
16 court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United*
17 *States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  Nevertheless, inferences are not
18 drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from
19 which an inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-
20 45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

21       Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
22 show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as
23 a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
24 issue for trial.'"  *Matsushita*, 475 U.S. at 586-87 (citations omitted).

25 ///
26 ///
27 ///
28 ///

III.     **Statement of Undisputed Facts**[3]

On July 13, 2007, Plaintiff sought a sick call appointment at United States Penitentiary, Atwater ("USP Atwater"), stating, "I have a bump of my leg and athlete foot." On July 14, 2007, Plaintiff's condition was diagnosed as a "carbuncle" or skin boil. He was treated with antibiotics for 10 days and instructed to follow up as needed. On July 26, 2007, Plaintiff completed an Inmate Request complaining about a hole on his leg and was told to sign up for sick call. Plaintiff did not sign up for sick call until August 7, 2007. On August 8, 2007, Plaintiff was treated with antibiotics and told to return the following day. On August 9, 2007, medical staff at USP Atwater performed an incision and drain procedure on the boils and treated them with antibiotics for 10 days. On August 9, 2007, medical staff at USP Atwater instructed Plaintiff to return in 3-5 days if there was no improvement. On August 9, 2007, medical staff at USP Atwater gave Plaintiff a "medical idle" for three days.

Plaintiff failed to appear for a "sick call" appointment on August 10, 2007. After August 10, 2007, Plaintiff never returned for further treatment of the boils on his leg. Plaintiff filed a complaint for medical malpractice pursuant to the Federal Tort Claims Act, alleging: "It is my contention that the medical personnel was negligent in response and treatment of my serious medical need; as a result, I was deprived adequate medical treatment. Had my condition been properly diagnosed during my initial visit, the proper medication(s) could have been prescribed without unreasonable delay which, also, would have prevented the spreading of my condition."

In the expert opinion of Dr. Babak Eghbalieh, the standard of care was met in this case.

---

[3] All facts are taken from Defendant's statement of undisputed facts and are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(c), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff's opposition did not comply with Local Rule 260(b), though it is verified under penalty of perjury. Plaintiff's verified opposition may be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving Defendant's motion for summary judgment.

Plaintiff has no medical expert to provide testimony in this case regarding the standard of care or causation.  The United States' expert medical testimony is uncontradicted.

### IV.     Analysis

The Federal Tort Claims Act ("FTCA") provides a remedy for individuals seeking relief against federal actors for tort claims.  28 U.S.C. § 1346.  "The FTCA specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred.'" *Rhoden v. United States*, 55 F.3d 428, 430 (9th Cir. 1995) (quoting 28 U.S.C. § 1346(b)).  "Under the FTCA, the question of liability is determined with reference to state law." *Doggett v. United States,* 875 F.2d 684, 686 (9th Cir. 1989); *see Richards v. United States*, 369 U.S. 1, 11 (1962) ("Thus, we conclude that a reading of the statute as a whole, with due regard to its purpose, requires application of the whole law of the State where the act or omission occurred."); *Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987) ("The extent of the government's liability is a matter of federal law (28 U.S.C. §§ 1346(b), 2674), albeit determined according to state standards.").

Under California law, the elements for professional negligence, such as medical malpractice, are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Turpin v. Sortini*, 31 Cal.3d 220, 229-30 (1982).

The general rule applicable to medical practice cases is:

> The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony [citations], unless the conduct required by the particular circumstances is within the common knowledge of the layman. The "common knowledge" exception is principally limited to situations in which the plaintiff can invoke the doctrine of res ipsa loquitur, i.e., when a layperson is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised. The classic example, of course, is the X-ray revealing a scalpel left in the patient's body following surgery. Otherwise, expert evidence is conclusive and cannot be disregarded.

*Flowers v. Torrance Memorial Hospital Medical Center*, 8 Cal. 4th 992, 1001 (1994). "What is or what is not proper practice on the part of the physician is uniformly a question for experts and can be established only by the testimony of such experts." *Sansom v. Ross-Loos Medical Group*, 57 Cal. App. 2d 549, 553 (1943).

Moreover, in a tort action, such as the present one, "causation must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case." *Jones v. Ortho Pharmaceutical Corp.*, 163 Cal. App. 3d 396, 402-03 (1985); *see Gotschall v. Daley*, 96 Cal. App. 4th 479, 484 (2002) ("[E]xpert testimony was essential to prove causation. Without testimony on causation, plaintiff failed to meet his burden on an essential element of the cause of action.") "In California, causation must be founded upon expert testimony and cannot be inferred from the jury's consideration of the totality of the circumstances unless those circumstances include the requisite expert testimony on causation." *Cottle v. Superior Court*, 3 Cal. App. 4th 1367, 1384 (1992).

Defendants contend that the standard of care was met in treating Plaintiff. Mem. P. & A. 9:7-19, Doc. 29-1. Defendant submits as evidence a report from Babak Eghbalieh, M.D., who acted as Defendant's medical expert.[4] Babak Eghbalieh Decl., Doc. 29-4. Doctor Eghbalieh declared that in his expert opinion, the medical services provided to Plaintiff at USP Atwater met the standard of care. *Id.* (citing Ex. 1, Expert Report, prepared March 17, 2010).

Plaintiff contends that the USP Atwater medical staff was negligent in treating Plaintiff because Plaintiff's condition became worse even though he received treatment. Pl.'s Opp'n 3-4. However, Plaintiff provides no citation to any expert opinion to support his contention. Plaintiff cannot testify as to the standard of care because Plaintiff has not demonstrated that he is qualified to provide medical expert opinions. Fed. R. Evid. 702. Thus, Plaintiff has failed to contradict Defendant's medical expert. Because the standard of care was met, Plaintiff has failed to demonstrate negligence on the part of Defendant as there was no breach of any duty. *Turpin*, 31

---

[4] Doctor Eghbalieh submitted his curriculum vitae as evidence of his qualifications as an expert in the medical field. Eghbalieh Decl., Ex. 1, Doc. 92-4. Defendant has sufficiently established that Doctor Eghbalieh is qualified to provide an expert opinion here. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Cal.3d at 229-30.  There is no triable issue of material fact remaining in this action.  *Matsushita*, 475 U.S. at 586-87.  Accordingly, summary judgment should be granted in favor of Defendant United States and against Plaintiff.

**V.**     **Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment, filed May 3, 2010, should be GRANTED;
2. Judgment should be entered in favor of Defendant United States and against Plaintiff; and
3. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 20, 2011**             /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE