IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JEROME FISHER, | 1:08-CV-00326-AWI-DLB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| UNITED STATES OF AMERICA, | ORDER GRANTING PLAINTIFF TWENTY-ONE DAY EXTENSION OF TIME TO FILE OBJECTIONS |
| Defendant. | |
| _____/ | (DOCUMENT #35) |

On February 9, 2011, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

-1-

1    In the present case, the court does not find the required exceptional circumstances. Even
2 if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
3 which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
4 similar cases almost daily. The court cannot make a determination that plaintiff is likely to
5 succeed on the merits, and based on a review of the record in this case, the court does not find
6 that plaintiff cannot adequately articulate his claims. *Id.*

7    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
8 DENIED, without prejudice.

9    Plaintiff also requests a thirty-day extension of time in which to file his objections.
10 Plaintiff contends that his access to the law library has been limited because of an inmate fight on
11 January 23, 2011. Good cause presented, it is HEREBY ORDERED that Plaintiff's motion for
12 extension of time is GRANTED in part. Plaintiff is granted twenty-one (21) days from the date
13 of service of this order in which to file his objections to the Findings and Recommendation.

15    IT IS SO ORDERED.

16    Dated:   **February 16, 2011**                    **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE